# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CAROL B. TOLLER | * |
| | * |
| v. | *   Civil Case No. DKC-18-536 |
| | * |
| COMMISSIONER, SOCIAL SECURITY[1] | * |
| | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. I have considered the parties' cross-dispositive motions, and Ms. Toller's reply. [ECF Nos. 14, 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Ms. Toller filed applications for Disability Insurance Benefits and Supplemental Security Income in April, 2014, alleging a disability onset of April 22, 2014. (Tr. 222-34). Her applications were denied initially and on reconsideration. (Tr. 129-33, 142-45). An Administrative Law Judge ("ALJ") held a hearing on November 3, 2016. (Tr. 37-76). Following the hearing, the ALJ determined that Ms. Toller was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-31). The Appeals Council

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

denied Ms. Toller's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Ms. Toller suffered from the severe impairments of "left ankle dysfunction status-post surgeries, degenerative disc disease, and depression." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Toller retained the residual functional capacity ("RFC") to:

> perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except occasional climbing stairs/ramps, stooping, kneeling, balancing, and crouching; never crawling or climbing ladders/ropes/scaffolds; avoiding even moderate exposure to hazards including dangerous moving machinery, uneven terrain, and unprotected heights; no pushing or pulling with the left lower extremity; and she can perform simple, routine, and repetitive tasks, and have superficial contact with the public.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ determined that Ms. Toller could perform jobs existing in significant numbers in the national economy, and that, therefore, she was not disabled. (Tr. 30).

Ms. Toller raises a number of arguments on appeal, including: (1) that the ALJ did not adequately consider her edema and her resulting need to elevate her leg; (2) that the ALJ did not afford adequate weight to the opinions of her treating physicians; and (3) that the ALJ's opinion goes against broad considerations of public policy, thus warranting remand under 20 C.F.R. § 404.970(a)(4). Pl. Mot. 7-18. Although not all of Ms. Toller's arguments are meritorious, I concur that the ALJ did not adequately analyze Ms. Toller's edema and need to elevate her leg during the workday, particularly considering the opinion of her longtime treating physician, Dr. Pabla. I therefore recommend remand. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Toller is not entitled to benefits is correct.

In this case, Ms. Toller claimed, in part, that she was disabled as a result of edema and swelling in her left ankle. Her longtime treating physician, Dr. Pabla, completed a residual

2

functional capacity form in 2014 detailing their treating relationship, and opining that Ms. Toller was unable to stand or sit upright for six to eight hours due to "pain, swelling," and that she would need to lie down "as needed to elevate" her left leg. (Tr. 386-91). Pursuant to the regulations:

> Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restrictions that your medical sources or nonmedical sources report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account as explained in [20 C.F.R. § 404.1529(c)(4) and § 416.929(c)(4)] in reaching a conclusion as to whether you are disabled.

§§ 404.1529(c)(3), 416.929(c)(3). The Fourth Circuit has further summarized that:

> [T]reating physicians are given "more weight . . . since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone[.]" [20 C.F.R.] §§ 404.1527(c)(2), 416.927(c)(2). "When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source." *Id.* §§ 404.1527(c)(2)(i), 416.927(c)(2)(i). Accordingly, the ALJ is required to give "controlling weight" to opinions proffered by a claimant's treating physicians so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

*Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017).

In this case, the ALJ summarized Dr. Pabla's opinion form. (Tr. 25). Following the summary, the ALJ provided the following analysis:

> The undersigned notes that, while Dr. Pabla is a treating physician with a longitudinal treatment relationship with the claimant, his opinion is not entirely supported by the objective clinical findings over time. Nonetheless, the undersigned agrees with limiting the claimant to modified sedentary work, with additional non-exertional limitations as described in the above residual functional capacity, which accounts for some of Dr. Pabla's concerns in this report, and grants it some weight accordingly.

(Tr. 25-26). The ALJ did not specifically address which of Dr. Pabla's "concerns" she believed to be supported and which ones she did not. However, as to the edema, the

3

ALJ had cited to Ms. Toller's testimony that she suffered from regular edema in her ankle "which caused her to keep her ankle elevated 'most of the time' to heart level when in bed, and to waist level if sitting." (Tr. 20). Ms. Toller testified that she could only stand for fifteen minutes and sit for fifteen to thirty minutes. (Tr. 21). The ALJ further noted that follow up physical examinations had noted "global edema in the left ankle" and "non-specific lateral soft tissue edema" (Tr. 21). Additional exams cited by the ALJ showed "swelling and tenderness on the left lateral aspect of the ankle," "+1 edema in the left ankle," and "swelling and tenderness in multiple areas of the left ankle." (Tr. 22). Thus, from the evidence expressly referenced by the ALJ in her summary of the medical records, Dr. Pabla's concerns about edema and swelling were supported by objective clinical findings.

In the *Lewis* case, the Fourth Circuit analyzed the assignment of weight to Ms. Lewis's treating physicians as follows:

> The ALJ failed to adequately explain why he failed to give the opinions of Lewis' treating physicians "controlling weight" under 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2). In contrast to Lewis' well-documented medical history, the ALJ's rejection of Lewis' treating physician sources is perfunctory. The ALJ points to nothing in the record indicating that any non-treating sources disputed that the medical opinions of Drs. Jacob and Mahmood were not "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Indeed, the ALJ's analysis spans only four lines and overlooks critical aspects of Lewis' medical treatment history.

*Lewis*, 858 F.3d at 867. In this case, the ALJ's opinion suffers from the same defect. The ALJ failed to "build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000). Specifically, the ALJ did not explain the link between the cited evidence of persistent edema, Dr. Pabla's opinion that Ms. Toller would be unable to sit upright and would have to lie down during an eight hour workday as needed to elevate her leg, (Tr. 387-88), and the RFC assessment providing for sustained work at the modified sedentary

4

exertional level. The RFC assessment did not include any limitations to allow for elevation of the leg, and the ALJ's cursory discussion of Dr. Pabla's opinion does not explain her rejection of the elevation recommendation. Accordingly, I recommend remand to allow the ALJ to fulfill her duty of explanation as to the edema and the assignment of weight to that portion of Dr. Pabla's treating source opinion.

Additionally, however, I note that Ms. Toller's final argument lacks merit. She contends that 20 C.F.R. § 404.970(a) "allows for remand if the Commissioner's final decision goes against broad considerations of public policy." Pl. Mot. 17. However, that C.F.R. provision simply enumerates the circumstances under which the Appeals Council will review a case during the administrative process. 20 C.F.R. § 404.970(a). It does not provide an independent basis for remand by the federal court.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 15];

2. the Court DENY Ms. Toller's Motion for Summary Judgment [ECF No. 14];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: October 2, 2018                      /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge